[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12658

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRILL TREMAYNE TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:20-cr-00222-ECM-JTA-1

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Terrill Taylor pleaded guilty, pursuant to a written plea agreement containing a sentence-appeal waiver, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court sentenced Taylor to 57 months' imprisonment, followed by 3 years' supervised release. Taylor appeals, arguing that the district court erred in imposing a two-level guidelines enhancement under U.S.S.G. § 2K2.1(b)(1)(A).[1] The government moves to dismiss this appeal pursuant to the sentence-appeal waiver.[2] After review, we conclude that the sentence-appeal waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either

---

[1] Under this guideline, the district court is instructed to add two levels if the offense involved 3 to 7 firearms. *See* U.S.S.G. § 2K2.1(b)(1)(A).

[2] Taylor did not file a response to the government's motion to dismiss.

(1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Taylor's plea agreement contained the following appeal waiver:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

Taylor signed the plea agreement.

The record establishes that the magistrate judge[3] questioned Taylor about the sentence-appeal waiver during the change-of-plea hearing. Specifically, the magistrate judge confirmed that Taylor read the plea agreement in its entirety, understood it, and signed it. The magistrate judge explained to Taylor that, by pleading guilty,

---

[3] Taylor consented to the magistrate judge taking his plea.

he was giving up his right to appeal his sentence, and Taylor confirmed that he understood.  Taylor further confirmed that there were no provisions in the plea agreement that he did not understand and that he wished to enter the plea agreement.  He also confirmed that no one had made any promises or threats to him to induce him to enter the plea, and that he was pleading guilty voluntarily.

Accordingly, the record establishes that Taylor's sentence-appeal waiver was knowingly and voluntarily made and is enforceable.  *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Taylor's claim concerning the guidelines enhancement does not fall within any of the limited exceptions to the valid sentence-appeal waiver, the waiver forecloses his appeal. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**